[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: (#121) DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
This is an action for personal injuries by the plaintiff, Richard Abbott, who has alleged in his complaint that while he was a tenant in a condominium which the defendants owned and controlled, he suffered certain injuries including the severe laceration of his right index finger when a window in the unit he was leasing fell on him.
The defendant, Villa Maria Condominium Association (Villa Maria), has filed a motion for summary judgment[1] in which it argues that it had no legal duty to maintain the unit in question or any portions of it including windows opening from that unit. In support of its position, the movant has attached copies of relevant portions of its by-laws and condominium declaration, the affidavit of the president of the Association and relevant case law.
The plaintiff has not filed an objection to the motion for summary judgment or any counter-affidavits or case law.
"Practice Book [§ 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." Rivera v. Double A Transportation, Inc., 248 Conn. 21, 24,727 A.2d 204 (1999). CT Page 16222
In the instant case the movant has alleged that it owed no legal duty to the plaintiff and has provided the court with documentary evidence that had no duty to maintain the site of the plaintiff's alleged injury and that it did not have possession and/or control of that site.
"The determination of whether a duty exists between individuals is a question of law. Only if a duty is found to exist does the trier of fact go on to determine whether the defendant has violated that duty." Lodgev. Arett Sales Corp., 246 Conn. 563, 571 (1998).
Base on the unrefuted allegations, the court finds that there is no genuine issue of material fact that the defendant, Villa Maria Condominium Association did not have a duty to maintain the site of the plaintiff's alleged injuries, therefore, the motion for summary judgment is hereby granted.
By the Court,
 ___________________ JOSEPH W. DOHERTY, JUDGE